**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

TIFFANY WAGNER,

    Petitioner,

    v.                                                Case No. 09-C-0402

CATHY JESS,[1]

    Respondent.

## DECISION AND ORDER

### NATURE OF CASE

On April 20, 2009, petitioner Tiffany Wagner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner was convicted of multiple counts of forgery and theft. The petitioner challenges the November 1, 2004, judgment of her conviction on the following grounds: 1) her due process and equal protection rights were violated when the state court denied her requests for appointment of counsel; 2) the government withheld exculpatory evidence; and 3) she was compelled to testify.

The court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the matter arises under federal statutes. Venue is proper under 28 U.S.C. § 1391. The case was assigned according to the random assignment of civil cases pursuant to 28 U.S.C. § 636(b)(1)(B) and General Local Rule 72.1 (E.D. Wis.). The parties have consented to United

---

[1] The court notes that in the respondent's brief in support of the motion to dismiss she states that her first name is properly spelled with a "C', i.e., Cathy. Accordingly, the respondent's name will be corrected.

States magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c) and General Local Rule 73.1 (E.D. Wis.).

United States District Chief Judge Charles N. Clevert conducted a preliminary examination of the petition in accordance with Rule 4 of the Rules Governing § 2254 Cases. By an order filed May 8, 2009, Judge Clevert ordered the respondent to file an answer or other response to the petition for a writ of habeas corpus within 30 days of the date of his order.

On June 3, 2009, Judge Clevert transferred the case to this court upon consent of the parties. On June 16, 2009, the respondent filed a motion to dismiss. (Docket #11). On June 17, 2009, the respondent filed a brief in support that motion. Thereafter, the petitioner filed several motions: 1) a motion for leave to file a delayed motion to proceed (Docket #16), 2) a motion for an injunction to be issued against the Department of Corrections' staff (Docket #18), 3) a motion to appoint counsel (Docket #19); 4) a motion to proceed pursuant to Rule 9(a) of the rules governing U.S.C. § 2254 cases (Docket #20); 5) a motion to obtain testing from an outside laboratory (Docket #27); and 6) a motion to produce documents. (Docket #28).

On August 6, 2009, the petitioner filed a motion entitled "Brief in Support of Motion to Proceed Pursuant to Rule 9(a) of the Rules Governing U.S.C.S. 2254." That motion responds to the respondent's motion to dismiss and, therefore, the court will construe it as such. Moreover, it was timely filed and, thus, the petitioner's motion for leave to file a delayed motion to proceed will be denied as moot. In addition, the 2004 amendments to Rule 9 of the Rules Governing Section 2254 Cases deleted Rule 9(a). Thus, to the extent the petitioner seeks relief pursuant to Rule 9(a), her motion will be denied.

The petitioner also filed a motion for an injunction "to be issued against the Department of Corrections staff ordering them to stop harassing me and interfering with my access to the courts." (Motion for an Injunction to be issued against the Department of Corrections' Staff at 2). A motion relating to the petitioner's access to the courts concerns her conditions of confinement.[2] As such, it is not cognizable in a petition for a writ of habeas corpus. See Richmond v. Scibana, 387 F.3d 602, 605-06 (7th Cir. 2004). Therefore, the petitioner's motion for an injunction will be denied.

With respect to the petitioner's motion to appoint counsel, there is no right to counsel in a federal habeas corpus proceeding. Wright v. West, 505 U.S. 277, 293 (1992); Pennsylvania v. Finley, 481 U.S. 551, 556 (1987). If a petitioner qualifies under 18 U.S.C. § 3006A(a)(2), counsel shall be appointed if the interests of justice so require. See Rules 6(a) & 8(c), Rules Governing Habeas Corpus Cases. The respondent has filed a motion to dismiss the petition as untimely filed. The motion is fully briefed. Accordingly, the court finds that the interests of justice do not require the appointment of counsel.

Counsel also may be appointed in a habeas corpus proceeding pursuant to 28 U.S.C. § 1915(e). Here, the petitioner has not demonstrated that she is entitled to appointment of counsel under that statute. First, the petitioner has not established indigency. She paid the $ 5.00 filing fee for this action and, thus, she is not proceeding in forma pauperis. Additionally, based on the respondent's motion to dismiss the petition as untimely filed and the petitioner's submissions, it appears that the presence of counsel will not be outcome

---

[2] The court notes that the petitioner has a 42 U.S.C. § 1983 case pending in this court. See 08-CV-00615.

- 3 -

determinative. See Farmer v. Haas, 990 F.2d 319, 322 (7th Cir. 1993). Consequently, the petitioner's motion for appointment of counsel will be denied.

Finally, the petitioner filed a motion for the production of documents pursuant to Fed. R. Civ. P. 26(b)(1) and a motion to obtain testing from an outside laboratory pursuant to Fed. R. Civ. P. 35. "A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of course." Bracy v. Gramley, 520 U.S. 899, 904 (1997). Granting discovery is left to the discretion of the court. See Rule 6(a) of the Rules Governing Section 2254 Cases in the United States District Courts.

Rule 6(a) provides:

A party shall be entitled to invoke the processes of discovery available under the Federal Rules of Civil Procedure, if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise.

In this case, the petitioner seeks her complete prison records, all reports, statements, and medical records relating to her claim of "illegal and systematic administration of psychotropic medications." (Petitioner's First Request for Production of Documents at 3). The petitioner has not shown good cause why she should be allowed to conduct discovery. The documents requested by the petitioner have nothing to do with the grounds of her petition for a writ of habeas corpus. Accordingly, the petitioner's motion for production of documents will be denied.

Rule 35(a) of the Federal Rules of Civil Procedure provides that "the court where the action is pending may order a party whose mental or physical condition--including blood group--is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." Here, the petitioner requests "a complete laboratory testing of all of

- 4 -

the following: Blood, Hair and Urine for the detection of the presence of all illegally administered psychotropic medications." (Motion for Petition to Obtain Testing from Outside Laboratory Pursuant to Federal Rules of Civil Procedure Rule 35 at 1). In this case, the petitioner's mental or physical condition is not in controversy and therefore, her Rule 35(a) motion for court ordered testing by an outside laboratory will be denied.

## MOTION TO DISMISS

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted. See Fed. R. Civ. P. 12(b)(6). To state a cognizable claim under federal notice pleading, the plaintiff is required to provide a "short and plain statement of the claim showing that [she] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and the statement need only "give the defendant fair notice of what the. . .claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 [1957]). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 555).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

- 5 -

In considering a motion to dismiss, courts should follow the principles set forth in Twombly by first "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 129 S.Ct. at 1950. Legal conclusions must be supported by factual allegations. Second, if there are well-pleaded factual allegations, the court must "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. A plaintiff can plead herself out of court if the factual allegations in the complaint, viewed in the light most favorable to the plaintiff, do not plausibly suggest that the plaintiff is entitled to relief. See E.E.O.C. v. Concentra Health Services, Inc., 496 F.3d 773, 776 (7th Cir. 2007). For example, if the factual allegations in the complaint establish that a lawsuit is indisputably time-barred, the court must grant the defendant's Rule 12(b)(6) motion to dismiss. See Clark v. City of Braidwood, 318 F.3d 764, 767 (7th Cir. 2003).

## **ANALYSIS**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2244(d), provides for a one-year period of limitations for an application for a writ of habeas corpus. The one-year period runs from the latest of four possible dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1); see also, Araujo v. Chandler, 435 F.3d 678, 680 (7th Cir. 2005).

In Anderson v. Litscher, 281 F.3d 672, 674-75 (7th Cir. 2002), the court addressed when the one year statute of limitations under § 2244(d)(1)(A) begins to run. The court noted that the statute provides that the one-year period of limitations begins to run from the latest of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Id. at 674. The court held that because the plain words of the statute include the period for seeking direct review, regardless of whether a petitioner chooses to avail himself of that opportunity, the ninety-day period during which a petition for certiorari may be filed by a state prisoner falls within the meaning of § 2244(d)(1)(A) for purposes of calculating when the statute of limitations begins to run. Id. at 674-75.

In this case, the petitioner's direct criminal appeal in the state court system was concluded on May 20, 2005, the date the Wisconsin Court of Appeals set as the cutoff for the petitioner to order transcripts and a copy of the circuit court record, or else forego her right to pursue postconviction and appeal proceedings. (Respondent's Motion to Dismiss, Exh. C at 2). The petitioner filed her petition for a writ of habeas corpus on April 20, 2009, nearly four years after the date set by the Wisconsin Court of Appeals and after the one year statute of limitations under § 2244(d)(1)(A).

The court notes that in certain circumstances, however, the petitioner may demonstrate a basis for tolling the period of limitations for filing a petition for a writ of habeas corpus. Section 2244(d)(2) provides for the tolling of the period of limitations for "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgement or claim is pending." 28 U.S.C. § 2244(d)(2).

In this case, nothing was pending from May 29, 1996, until the petitioner filed a 42 U.S.C. § 1983 action in July 2008. The motion did not toll the period for filing a petition for a

- 7 -

writ of habeas corpus in federal court because the one-year period of limitation had already expired. See Escamilla v. Jungwirth, 426 F.3d 868, 870 (7th Cir. 2005) (the one-year period of limitations cannot be tolled by the later filing of a motion or petition seeking collateral relief). Accordingly, in this case, the period of limitations was not tolled pursuant to § 2254(d)(2).

The petitioner asserts that the time for filing her petition for a writ of habeas corpus should be equitably tolled because she was unconstitutionally administered psychotropic medications for a period of nearly five years. The petitioner further asserts that she was denied counsel which prevented her from timely filing her postconviction motion and her petition for a writ of habeas corpus.

Neither the United States Supreme Court nor the court of appeals for this circuit has decided whether, or to what extent, the doctrine of equitable tolling of the one-year deadline in § 2254(d)(1) is available under the AEDPA. See Johnson v. Chandler, 224 Fed. Appx. at 519; Pace v. DiGuglielmo, 544 U.S. 408, 418 n.8 (2005); Williams v. Sims, 390 F.3d 958, 962 (7th Cir. 2004); Johnson v. McCaughtry, 265 F.3d 559, 566 (7th Cir. 2001); Taliani v. Chrans, 189 F.3d 597, 598 (7th Cir. 1999). If equitable tolling applies, the petitioner would have to establish: 1) that she has been pursuing her right diligently, and 2) that some extraordinary circumstance stood in her way. Pace, 544 U.S. at 418. Equitable tolling, however, is "rarely granted." Jones v. Hulick, 449 F.3d 784, 789 (7th Cir. 2006).

None of the circumstances asserted by the petitioner rise to the level of extraordinary. The fact that the petitioner was proceeding pro se is not an extraordinary circumstance. See Johnson, 224 Fed. Appx. at 520 (recognizing that the court has "repeatedly held that mistakes of law and ignorance of proper legal procedures are not sufficiently extraordinary to warrant tolling"). Finally, the petitioner's claim that Department of Corrections' staff has been covertly

giving her powerful psychotropic drugs is unsubstantiated. Her allegations are not credible and, without any evidence to substantiate them, do not add up to a circumstance which warrants equitable tolling.

Even assuming that the petitioner has been pursing the matter diligently, she has not shown the existence of extraordinary circumstances that would allow for the equitable tolling of the statute of limitations. Thus, the petitioner's petition for a writ of habeas corpus is untimely filed under § 2254. Accordingly, the respondent's motion to dismiss will be granted and the petition will be denied.

### **ORDER**

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the Clerk of Court correct respondent Cathy Jess' proper first name to Cathy, with a "C."

**IT IS FURTHER ORDERED** that the petitioner's a motion for leave to file a delayed motion to proceed be and hereby is **denied as moot**. (Docket #16).

**IT IS FURTHER ORDERED** that the petitioner's motion for an injunction to be issued against the Department of Corrections' staff be and hereby is **denied**. (Docket #18).

**IT IS FURTHER ORDERED** that the petitioner's motion to appoint counsel be and hereby is **denied**. (Docket #19).

**IT IS FURTHER ORDERED** that the petitioner's motion to proceed pursuant to Rule 9(a) of the rules governing U.S.C. § 2254 cases be and hereby is **denied**. (Docket #20).

**IT IS FURTHER ORDERED** that the petitioner's motion to obtain testing from an outside laboratory be and hereby is **denied.** (Docket #27).

**IT IS FURTHER ORDERED** that the petitioner's motion to produce documents be and hereby is **denied**. (Docket #28).

**IT IS FURTHER ORDERED** that respondent Cathy Jess' motion to dismiss be and hereby is **granted**. (Docket #11).

**IT IS ALSO ORDERED** that this action be and hereby is **dismissed**.

**FINALLY, IT IS ORDERED** that the clerk of court enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 4th day of December, 2009.

BY THE COURT:

s/ Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge

O:\HABEAS\Wagner ord.wpd                   - 10 -

Case 2:09-cv-00402-PJG   Filed 12/04/09   Page 10 of 10   Document 31