# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TIFFANY WAGNER,

    Petitioner,

    v.                                                Case No. 09-C-0402

CATHY JESS,

    Respondent.

## **DECISION AND ORDER**

On April 20, 2009, petitioner Tiffany Wagner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner was convicted of multiple counts of forgery and theft. On December 4, 2010, this court issued a decision and order granting the respondent's motion to dismiss and denying the petition on the ground that the petition was untimely filed under 28 U.S.C. § 2244(d)(1)(A). On December 7, 2009, the Clerk of Court entered judgment denying the petition and dismissing the action. On December 31, 2009, the court amended its December 4, 2009, order to deny a certificate of appealability as to all of the petitioner's claims.

On January 15, 2010, the petitioner filed an "Objection to Decision and Order" addressed to United States District Court Chief Judge Charles N. Clevert. (Docket #35). The parties consented to United States magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c) and General Local Rule 73 (E.D. Wis.). Accordingly, the petitioner can not object to this court's decision and order. See General Local Rule 72(c)(1) ("In . . . civil cases in which

the parties have not consented to magistrate judge jurisdiction, objections to a determination by the magistrate judge are governed by Fed. R. Civ. P. 72 . . . .).

Thus, the court will construe the petitioner's motion as one for reconsideration brought pursuant to Fed. R. Civ. P. 59(e) and/or 60(b). Motions filed pursuant to Rule 59(e) must be filed within 28 days of the date of entry of the judgment. Fed. R. Civ. P. 59(e). The prison "mailbox rule" established in Houston v. Lack, 487 U.S. 266 (1988), applies to Rule 59 motions. Edwards v. United States, 266 F.3d 756 (7th Cir. 2001). This means that the plaintiff's motion will be considered timely filed if it was delivered to prison authorities for mailing within the 28 day period allowed. Id. Pursuant to the "mailbox rule," the plaintiff's motion, dated December 22, 2009, will be considered filed within the 28 day period allowed.

Therefore, the motion is properly construed as a motion to amend or alter judgment pursuant to Fed. R. Civ. P. 59(e). The determination of whether to grant a motion pursuant to Rule 59(e) should be based upon "manifest error of law or mistake of fact and a judgment should not be set aside except for substantial reasons." See Ball v. Interoceanica Corp., 71 F.3d 73, 76 (2nd Cir. 1995) (quoting 11 Charles A. Wright, et al, Federal Practice & Procedure, § 2804 at 53 [2d ed. 1995]); see also, Fort Howard Paper Co. v. Standard Havens, Inc., 901 F.2d 1373, 1380 n.4 (7th Cir. 1990). A "manifest error" is not demonstrated by the disappointment of the losing party. It is the "'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" Oto v. Metropolitan Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000) (quoting Sedrak v. Callahan, 987 F.Supp. 1063, 1069 [N.D. Ill. 1997]).

The petitioner does not assert that a manifest error of law has occurred. Rather, the petitioner's motion and supporting submissions reveal that she primarily has reargued the same issues presented and addressed in this court's decision. Thus, upon due consideration,

this court concludes that the petitioner has not given the court reason to question its legal analysis.

Finally, the court will consider the petitioner's motion under Rule 60(b) of the Federal Rules of Civil Procedure, which provides a basis for relief under the particular circumstances listed in the rule. Russell v. Delco Remy Div. of Gen. Motors, 51 F.3d 746, 749 (7th Cir. 1995). Those are:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable due diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). None of these circumstances applies to this case. Thus, Rule 60(b) does not provide the plaintiff with a basis for relief.

Accordingly, for the reasons stated herein, the petitioner's "Objection to Decision and Order" will be denied.

## **ORDER**

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the petitioner's motion for reconsideration be and hereby is **denied.** (Docket #35).

Dated at Milwaukee, Wisconsin this 9th day of February, 2010.

BY THE COURT:

   s/ Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge